**RECEIVED**

APR 2 1 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BELINDA AND DAVID BEARB | CIVIL ACTION 10-0351 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| WAL-MART LOUISIANA, LLC | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Report and Recommendation on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #9**, referred to me by the district judge for report and recommendation. This is a suit in which plaintiffs claim injuries due to a slip and fall accident on February 14, 2009. Suit was filed in on July 14, 2009. The suit was removed to this court on March 1, 2010 on the basis of diversity jurisdiction. Defendant stated in its original Notice of Removal that it received responses to requests for medical records on January 28, 2010 showing that plaintiff was "pre-op clearance lumbar surgery" on October 27, 2009, exactly 30 days before it filed its notice of removal. that notice of removal also alleged that, on February 17, 2010, it had received additional medical records showing that plaintiff had, in fact, had surgery. Defendant then filed a supplemental notice of removal on April 1, 2010 plaintiffs had answered Wal-Mart's discovery on March 2, 2010 (the day after the original notice of removal was filed) alleging that they were claiming more than $75,000 in damages.

Plaintiffs move to remand asserting that the removal was untimely, being more than 30 days after plaintiff's first discovery responses were provided in September 2009 which responses

1

showed that the value of the case exceeded the jurisdictional limits of $75,000.

Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v.

2

Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiffs' petition does not allege entitlement to a specific amount of damages but only alleges injuries to the neck and low back, "2 discs" and memory loss due to the pain. Under the circumstances, I do not find that these allegations clearly state entitlement to damages in excess of the jurisdictional limits of this court. See Luckett supra, and Gebbia, supra. Compare Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000 and must show that it removed the case within 30 days of the receipt of "other papers" showing that amount in dispute. The "other paper" must be

3

unequivocally clear and certain in order to start the time for removal running. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th C. 2002).

Plaintiffs have provided the court with copies of the discovery provided in September 2009. Nothing in those answers to discovery in September 2009 showed unequivocally that the amount in dispute exceeds $75,000. Neither did the fact that the medical bills exceeded $17,000 show that the damages would exceed $75,000. It was not until January 28, 2010 that it arguably became clear that plaintiff had had surgery. A notice of removal was filed on March 1, 2010, exactly 30 days later.[1] The notice of removal was timely.

Defendant also filed a supplemental notice of removal on April 1, 2010, specifically alleging that on March 2, 2010 plaintiffs had responded to discovery admitting that the damages exceeded $75,000. This notice too would have been timely had the March 2nd discovery responses been the first notice defendants had that the damages exceeded $75,000.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand and for attorney fees, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within (4) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of

---

[1] The last day of the 30 day period is Sunday, February 27, 2010. Under FRCP 6(a), that day is excluded from the computation, making Monday, March 1, 2010 the 30th day.

filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, April 20, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE