RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/20/12
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BELINDA BEARB, ET UX. | CIVIL ACTION NO. 10-351 |
| -vs- | JUDGE DELL |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is the Motion for Summary Judgment filed by Defendant. (Doc. 86). All responses have been filed, and the matter is ready for disposition. For the following reasons, the motion will be GRANTED.

I. **Background**

On February 14, 2009 at approximately 9:30 A.M., Plaintiff Belinda Bearb alleges she was walking in the Pharmacy Department in Wal-Mart store number 1128 located in Marksville, LA when she slipped and fell on a clear, wet substance believed to be water on the floor. (Doc. 86-3). The Pharmacy Department is located at the front of the store in a busy area which employees call "action alley". (Doc. 86-3). It rained the night before and during the early morning prior to the accident, but it is unclear whether it was raining when the accident occurred. (Docs. 86-3; 92-1; 92-3). Mrs. Bearb, who was wearing Croc-type shoes at the time of the accident, claims there were no warnings

1

about liquid on the floor. (Doc. 86-3). Mrs. Bearb alleges she was wet from head to toe from her fall in the clear liquid. (Doc. 86-3).[1]

Mrs. Bearb believes rain water leaking from a skylight caused her fall. (Doc. 86-3). However, Asa Swetnam, an employee with roofer Clifford & Lee Associates, states in his deposition that all of the skylights at the Marksville Wal-Mart store are located in the back of the store, while the Pharmacy is located at the front of the store. (Doc. 92-2). Mrs. Bearb also asserts the water could have come from a wet shopping cart based on speculation from store manager Clinton Reves' deposition. (Doc. 92-2). However, other than a hypothetical statement from Mr. Reves, there is no evidence the substance Mrs. Bearb slipped and fell in came from a shopping cart either.

On July 14, 2009, Mrs. Bearb and her husband David Bearb filed suit in the Twelfth Judicial District Court in Avoyelles Parish. (Doc. 2). On March 1, 2010, Wal-Mart timely removed the case to this Court, after having obtained discovery on January 28, 2010 showing the amount in controversy exceeded $75,000 resulting from serious injury and Mrs. Bearb's back surgery. (Docs. 19; 22).

As a result of the accident and injuries sustained, Mrs. Bearb claims damages for mental anguish, loss of earnings and/or earning capacity, permanent and debilitating injuries, and past, present, and future pain and suffering, medical expenses, humiliation and aggravation, and loss of enjoyment of life. (Doc. 1). Mr. Bearb alleges he is entitled

---

[1] Notably, every other Wal-Mart employee and witness to Mrs. Bearb's fall whose deposition testimony is included in the record for summary judgment does not remember more than "finger-sized" "splatches" of water in the area where Mrs. Bearb fell. (Docs. 86-4; 92-2). Not one other deponent mentions Mrs. Bearb being "wet from head to toe" from a puddle as big as Mrs. Bearb, who is five feet nine inches tall. (Doc. 86-3).

to recover under La. Civ. Code Art. 2315 for loss of consortium, services, and society. (Doc. 1).

In the current motion, Defendant requests summary judgment in its favor because it alleges the Bearbs do not have any evidence showing Defendant created the unreasonably dangerous condition or had actual or constructive knowledge of the condition before Mrs. Bearb's accident. (Doc. 86).

## II. Law & Analysis

### A. Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Louisiana Merchant Liability Statute

The merchant liability "slip and fall" statute governs Plaintiffs' claims. Wal-Mart meets the definition of a "merchant" under the statute.[2] Therefore Wal-Mart "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In their negligence action against Wal-Mart, Plaintiffs have the burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) [Wal-Mart] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) [Wal-Mart] failed to exercise reasonable care.

Id. at (B).

In order to have constructive notice of a condition, there must be positive evidence showing the merchant's employees should have known of the hazard and remedied the danger. Jordan v. Wal-Mart La., LLC, 2010 WL 1716774, at *2 (W.D. La. Apr. 28, 2010); White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084-85 (La. 1997). This requires the condition to have existed for some time period prior to the accident. White, 699 So.2d at 1084-85. Speculation that the merchant's employees should have known of the danger, without any additional evidence of the condition's existence for some period of time, is insufficient. Id.

To combine La. R.S. 9:2800.6 with the summary judgment standard, if the Defendant can show it is undisputed that Plaintiffs cannot prove their case, then the burden shifts to Plaintiffs to show such a dispute exists.

---

[2] La. R.S. 9:2800.6(C)(2) reads: "'Merchant' means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." There is no dispute that Wal-Mart satisfies this requirement.

Here, it is undisputed that Wal-Mart's employees did not create the dangerous condition and did not have actual or constructive knowledge of the clear liquid on the floor. (Docs. 86-3; 86-4; 92-1; 92-2). Contrary to Mrs. Bearb's unsupported theory about a leak from the ceiling, the record contains undisputed declarations from Wal-Mart employees stating there were no skylights and no leaks over the Pharmacy at the time of the accident. (Docs. 86-3; 86-4; 92-1; 92-2; 92-3). Plaintiffs do not provide a single fact to dispute Defendant's evidentiary record concerning the existence of a leak in a skylight or the ceiling.

In addition, Plaintiffs do not provide any positive evidence the clear liquid at issue came from a wet shopping cart. Instead, Plaintiffs apparently rely on the deposition speculation from store manager Clinton Reves without a single additional fact to connect a shopping cart to the unreasonably dangerous condition. (Docs. 90; 92-2).[3] Plaintiffs do not provide any evidence creating a factual dispute about whether Defendant created, knew, or should have known of the clear liquid on the floor. Therefore, because Plaintiffs cannot provide any evidence about Wal-Mart's actual or constructive knowledge of the clear liquid, Plaintiffs cannot satisfy their burden to show a genuine factual dispute under the Louisiana Merchant Liability Statute.

The final point surrounds the quantity of water. Although Mrs. Bearb claims she was wet "from head to toe," had there been any evidence produced to support this bold assertion our ruling might be different, as a large quantity of floor water might imply

---

[3] Plaintiffs' attempt to use Mr. Reves' deposition testimony against him to show the origin of the clear liquid is ill-conceived. "Where the water came from, the best conclusion that I can come up with would have been possibly collected off of that buggy, but I don't know for sure that that's the case." (Doc. 92-2, at 48). Mr. Reves' statement does not contain anything other than an unsupported hypothesis, which Plaintiffs cannot use to defeat summary judgment.

knowledge by Wal-Mart, especially considering this was a high traffic area. The only record evidence is that there was a very small amount of water, about the size of a finger on the floor, as observed post-accident. (Docs. 86-4; 92-2). Thus, considering the record before us and Mrs. Bearb's history of filing lawsuits, knowledge of the so-called water condition cannot be even inferred under these facts.

### C. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment will be granted.

SIGNED on this 20th day of December, 2012 at Alexandria, Louisiana.

DEE D. DELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT